CHARLES E. PETAJA  
Attorney at Law  
1085 Helena Avenue  
Helena, MT 59601  
(406) 442-3625  
E-Mail: haloffices@qwestoffice.net  
No. 1212  
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | | |
|---|---|---|
| In re: MICHAEL GLENN STRANG, | ) | Case No. 2:24-BK-20030 |
| | ) | (Ch. 13) |
| Debtor(s). | ) | |

_____

**SECURED CREDITORS, KATHRYN WALKUP AND MICHAEL WILSON'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN DATED JULY 13, 2024**

_____

COMES NOW, secured creditors, Kathryn Walkup and Michael Wilson, by and through their counsel of record, Charles E. Petaja, and hereby object to Debtor's Amended Chapter 13 Plan dated July 13, 2024, including objections to all provisions for pay on sale of real estate and personal property located at 111 Bailey St., Lima, Montana. This objection is made on the following grounds:

1. Debtor acted in bad faith toward secured creditors, Kathryn Walkup and Michael Wilson, by concealing notice of $20,573.67 in property tax delinquency over a four year time period, thereby subjecting the secured collateral to tax certificate sale by Beaverhead County officials. (Proof of Claim #11 - Beaverhead County

Treasurer)

2. Debtor acted in bad faith by filing for Chapter 13 bankruptcy on the very last day for completion of the final contract balloon payment in the amount of $133,337.87. Debtor had four months advanced written notice of the final balloon payment date from the escrow company, TFSS on 12/7/23. Debtor made no effort for four months to either sell or refinance before filing bankruptcy on March 29, 2024. (See Secured Creditor's Exhibits 1 and 2). Debtor's bankruptcy filing is simply a delay tactic for an extension of time for potentially up to 2 years to sell the property.

3. Debtor's habitual bad faith has persisted and escalated from 2017 through 2024 by Debtor's continued failure to pay property taxes, business bed taxes, LLC business taxes, and individual income taxes to state, local and federal taxing authorities, resulting in multiple lien filings on the secured creditor's property, that are the subject matter of the parties' Contract for Deed as follows:

   a. Federal lien filings on 8/17/15;

   b. Notice of Issuance of Tax Deed by Beaverhead County on September 13, 2017;

   c. 18 separate Warrants of Distraint filed by the Montana Dept. Of Revenue between August 14, 2018 through January 25, 2024.

   d. Five (5) Beaverhead County tax liens filed by the Beaverhead County Treasurer beginning August 3, 2020 to the present time.

4. Debtor's failure to pay LLC taxes and individual income tax has resulted in

federal tax lien filings of $40,030.07 (Claim Register 4-1).

5. Debtor's failure to pay bed taxes, LLC taxes, and individual income tax has resulted in four (4) separate Montana Dept. Of Revenue as follows:

   a. Register Claim #5 - $27,656.14

   b. Register Claim #7 - $107,196.05

   c. Register Claim #8 - $2,488.14

   d. Register Claim #9 - $4,545.77

   e. It is noted that all 4 claims filed by the MDOR now include secured claim status in the amount of $71,642.31.

6. Debtor's violation of the parties' Contract and bad faith failure to pay state, federal and local taxes of the past 10 years has resulted in secured lien filings on all of the secured creditor's real and personal property and collateral that was included in the parties' Contract. **Those secured tax lien filings now total $132,246.05.**

7. Debtor operated the business property subject to secured creditor's contract for deed under a Montana LLC, registered with the Secretary of State as "Mountain View Motel and RV Park, LLC." Debtor has commingled secured assets with the LLC and has also incurred significant business debt, with the SBA for $80,000.00 and lenders on line for $33,906.14, which potentially places secured creditors, Kathryn Walkup and Michael Wilson's security interest in the business property in jeopardy.

8. Debtor's wife, Constance A. Strang, is 50% owner of all assets purchased under

the Contract for Deed with secured creditor, Kathryn Walkup and she is also 50% owner of the business LLC, Mountain View Motel and RV Park. Pursuant to 11 U.S.C., Section 1301, the bankruptcy stay against a co-debtor **not in bankruptcy** only applies to **consumer debt**, not **business debt**. The Chapter 13 Plan is defective without participation of Constance A. Strang, as a debtor and owner of 50% of the bankruptcy assets. A pay on sale provision in the Chapter 13 Plan cannot be completed in this case without participation of all owners of the assets and properties to be sold under the Chapter 13 Trustee's authority.

9. Constance Strang's 50% ownership interest in the real and personal property that is the subject matter of the parties' Contract for Deed **has been defaulted by service of Notice of Default on May 1, 2024, followed by failure to cure the default within 30 days as required by the parties' contract, which further provides that the parties' contract is ended with automatic repossession of the property and release and delivery of the deeds in escrow back to the secured creditors, Kathryn Walkup and Michael Wilson (See Exhibit 6)**. It is secured creditors' position that 50% of the assets of the real and personal property have been repossessed by notice as required by law. **Constance Strang has no ownership interest in the properties now listed for sale by Debtor.** (See Exhibit 1 and 6).

10. Secured creditors do not have **adequate protection** under Debtor's proposed Amended Chapter 13 Plan.

    a. The proposed plan payments to Kathryn Walkup and Michael Wilson of

$1,500.0 per month and $500.00 per month are substantially less than the monthly payment required by the parties' contract and amendments ($2,133.20, plus $1,653.90). The proposed plan payment will barely cover the interest owed on the $133,572.49 at 8%.

b. The proposed plan payment does not include any payment on any of the tax liens for property taxes owed to Beaverhead County or income taxes and other taxes owed the IRS and MDOR. Additional interest on **those secured claim portion of those tax liabilities exceeds $36,000.00 over 2 years.**

c. Continued delay of this case until sale by Debtor only enhances the indebtedness that will remain when Debtor's default is finally entered after the automatic stay is lifted.

11. Debtor indicates that he will sell the business or refinance the debt in the next 18 months. The likelihood of either is slim to none. Given Debtor's financial condition and tax debts, most all lending institutions will not refinance the business. In addition, Debtor testified at 2 341 meetings that the only money that either himself or his wife got from the business as profit was $500.00 per month. (See Debtor's Schedule I). **Who would purchase a business for $500,000.00 that only yields a profit of $500.00 a month or $6,000.00 a year? Debtor could not answer that question at either hearing.**

12. **Totality of the Circumstances:** The Bankruptcy Court must consider the totality of the circumstances to determine whether a Debtor's plan is proposed in good faith. The Debtor has the burden of proof . (See *Leavitt v. Soto*, 171 F.3d

Page -5-

2:24-bk-20030-BPH   Doc#: 62   Filed: 07/23/24   Page 5 of 7

1219 (9th Cir. 1999), *In Re Tucker*, 989 F.2d 328 (9th Cir. 1993), and *In Re Goeb*, 675 F.2d 1386 (9th Cir. 1982).

In this case, the Debtor's history over 20 years confirms very poor business practices, including habitual failure to pay property taxes, personal income taxes, and business taxes, which have severely jeopardized secured creditors' equity in the real and personal property. The original amount financed 20 years ago in 2004 was $265,000.00. Twenty (20) years later $133,337.00 balloon payment is still owed to the secured creditors.

In addition, we now have multiple secured liens as described above in the amount of $132,246.05 filed against the property. **These amounts do not include the unsecured portion of the tax liabilities.** The total secured creditors in this case now exceed $265,000.00, which was the original loan amount 20 years ago. Debtor now wants to continue as Debtor in possession for 2 more summer and fall seasons, retain all profit and then, if the property does not sell, return it to the secured creditors, Kathryn Walkup and Michael Wilson, during the winter months when it is closed. During this time period, additional interest on the balances owed will escalate another $30,000.00 or more.

The foregoing facts, coupled with Debtor's failure to include 50% owner, Constance Strang, in these bankruptcy proceedings clearly constitutes bad faith. Constance Strang is an indispensable party to any sale of the property. She is not in this bankruptcy. **If she has any remaining ownership interest, after being defaulted, then she has the right to derail any sale at any time.** Conversely, if Constance Strang's interest is terminated by default, then the only property under

the Bankruptcy Court's jurisdiction is Debtor's 50% interest. The remaining 50% now belongs to the secured creditors, Kathryn Walkup and Michael Wilson.

WHEREFORE, secured creditors, Kathryn Walkup and Michael Wilson, pray that confirmation of Debtor's Amended Chapter 13 Plan dated July 13, 2024, be denied. Secured creditors, Kathryn Walkup and Michael Wilson, further requests that Debtor's Chapter 13 bankruptcy petition be dismissed based on bad faith filing of this bankruptcy.

DATED this 23rd day of July, 2024.

/s/ Charles E. Petaja
Charles E. Petaja, Attorney for Secured
Creditor, Kathryn Walkup

CERTIFICATE OF MAILING

Under penalty of perjury, I do hereby certify that on the 23rd day of July, 2024, a true and correct copy of the foregoing SECURED CREDITORS, KATHRYN WALKUP AND MICHAEL WILSON'S OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN DATED JULY 13, 2024 was served on the following by ECF:

Robert Drummond
Ch. 13 Bankruptcy Trustee
(Via ECF)

Office of US Trustee
(Via ECF)

Daniel S. Morgan
Morgan Law Offices
Debtor's Attorney
(Via ECF)

/s/ Charles E. Petaja
Charles E. Petaja